UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 2:10-cr-07-JMS-CMM-27 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| MICHAEL D. WEIR | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:10-cr-00007-JMS-CMM |
| | ) | |
| MICHAEL D. WEIR, | ) -27 | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Michael D. Weir seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the reasons explained below, Mr. Weir's motion is **denied**.

**I. Background**

In 2011, a jury convicted Mr. Weir of one count of conspiracy to distribute 500 grams or more of methamphetamine (mixture) and 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 851. Dkts. 842, 1142. In the course of the prosecution, the United States filed an Information pursuant to 21 U.S.C. § 851 alleging that Mr. Weir had two or more prior felony narcotics convictions. Dkt. 776. The Court sentenced Mr. Weir to life imprisonment (representing the mandatory minimum sentence at the time), plus 10 years of supervised release. Dkt. 1142.

Mr. Weir filed his initial motion for compassionate release pro se. Dkt. 1786. The Court appointed counsel, dkt. 1788, and counsel filed a brief in support of his motion, dkt. 1824. In his submissions, Mr. Weir argues that he establishes extraordinary and compelling reasons for compassionate release because he suffers from medical conditions from which he is unlikely to recover which affect his ability to provide self-care in prison. Dkt. 1824. Mr. Weir also argues that

2

due to changes to certain mandatory minimums and qualifying predicate offenses, if he were sentenced today, he would likely receive a shorter sentence. The United States filed a brief in opposition to the motion, dkt. 1828, and Mr. Weir filed a reply, dkt. 1833. Thus, the motion is now ripe.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Weir's first reason for requesting release is unavailing, either alone or in combination with any other reason. Mr. Weir argues that he is wheelchair-bound and suffers from severe and constant pain resulting from a pathological hip fracture caused by a protruding cyst. Dkt. 1824 at 1. He also represents that he has been diagnosed with Graves' Disease, cardiomyopathy, thyroid disease, hypertension and blood disease. Due to these maladies, Mr. Weir states that his ability to provide self-care has been substantially diminished. The United States takes issue with Mr. Weir's framing of his medical conditions and the care he has received from the BOP, *see generally* dkt.

1828, but even crediting Mr. Weir's version, the Court does not find that he has established an extraordinary and compelling reason for release at this time. Mr. Weir is currently using a wheelchair and experiencing pain in his right hip due to a large bone cyst. Dkt. 1824 at 8. He represents that he was scheduled for surgery in October 2021, but as of November 2021, it had not yet occurred. *Id.* It appears that once his cyst is addressed with surgery, Mr. Weir does not anticipate further difficulties in providing self-care, as evidenced by the fact that he plans to get a job at his stepbrother's auto repair shop if he is released and when his condition is "stabilized." Dkt. 1824 at 18. In light of these facts, the Court does not find that Mr. Weir's current need for a wheelchair and difficulties in providing self-care is an extraordinary and compelling reason for granting compassionate release, whether considered alone or together with any other reason. Nor does the Court find Mr. Weir's other medical conditions, whether considered separately or together, to be an extraordinary and compelling reason for release. If Mr. Weir has not received his hip surgery within 180 days of the date of this Order, and he remains wheelchair-bound and unable to effectively provide self-care, he is free to re-file his motion.

Mr. Weir's argument about the sentencing disparity between the sentence he received and the sentence he might receive if he was sentenced today is also without merit, whether considered alone or together with any other reason. As recently summarized by the Seventh Circuit, "When deciding whether 'extraordinary and compelling reasons', 18 U.S.C. § 3582(c)(1)(A)(i), justify a prisoner's compassionate release, judges must not rely on non-retroactive statutory changes or new judicial decisions…There's nothing 'extraordinary' about new statutes or caselaw, or a contention that the sentencing judge erred in applying the Guidelines; these are the ordinary business of the legal system, and their consequences should be addressed by direct appeal or collateral review under 28 U.S.C. § 2255." *United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022) (cleaned up).

Given the determination that Mr. Weir has not shown extraordinary and compelling reasons to justify his release, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

### III. Conclusion

For the reasons stated above, Mr. Weir's motion for compassionate release, dkt. [1786], is **denied.**

**IT IS SO ORDERED.**

Date: 8/12/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel