UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:10-cr-00007-JMS-CMM |
| | ) | |
| MICHAEL WEIR, | ) -27 | |
| | ) | |
| Defendant. | ) | |

**Entry Granting Motion for Compassionate Release**

Defendant Michael Weir requests compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Dkts. 1904, 1927. Mr. Weir asks the Court to reduce his sentence to time served. *Id.* at 40. For the reasons stated below, Mr. Weir's motions, dkts. [1904], [1927], is **granted**.

**I. Background**

*A.   Conviction and Sentencing*

In 2011, a jury convicted Mr. Weir of one count of conspiracy to distribute 500 grams or more of methamphetamine (mixture) and 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 851. Dkts. 842, 1142. In the course of the prosecution, the United States filed an Information pursuant to 21 U.S.C. § 851 alleging that Mr. Weir had two or more prior felony narcotics convictions. Dkt. 776. The Court sentenced Mr. Weir to life imprisonment—representing the mandatory minimum sentence at the time—plus 10 years of supervised release. Dkt. 1142.

Mr. Weir filed his first motion for compassionate release pro se. Dkt. 1786. The Court appointed counsel for Mr. Weir, dkt. 1788, and, after full briefing by the parties, the Court denied

Mr. Weir's motion, dkt. 1879. In its denial, the Court noted that Mr. Weir was in need of hip surgery and stated that "if Mr. Weir has not received his hip surgery within 180 days of the date of this Order, and he remains wheelchair-bound and unable to effectively provide self-care, he is free to re-file his motion." *Id.* at 4. After 180 days passed without Mr. Weir undergoing surgery, Mr. Weir (by counsel) filed his second motion for compassionate release. Dkt. 1904. The United States responded, dkt. 1911, and Mr. Weir filed a reply, dkt. 1914. Later, the United States filed a supplemental response, dkt. 1919, and Mr. Weir filed a reply, dkt. 1923. Mr. Weir thereafter filed a supplemental motion for compassionate release on October 1, 2023. Dkt. 1927. His motion for compassionate release is ripe for decision.

    B.    *Medical Condition*

Mr. Weir is now 46 years old. He is currently incarcerated at USP Hazelton, https://www.bop.gov/inmateloc/ (last visited September 29, 2023), and was previously held at FCI Terre Haute. In early 2021, Mr. Weir reported sudden onset hip pain to BOP medical staff. Dkt. 1824-2 at 144. In April 2021, Mr. Weir was diagnosed with a "large cystic lesion on his proximal femur and into the right acetabulum." *Id.* at 80. In July 2021, a physician assessed that he had a pathological fracture in his femur and recommended aggressive pain control. Dkt. 1904 at 321. Mr. Weir's medical records indicate he was targeted for "urgent" surgery on his leg by October 15, 2021. Dkt. 1824-2 at 24. The surgery was never ultimately scheduled. Mr. Weir continued to report serious pain in his leg, and he was given only Tylenol as treatment. Dkt. 1904-4 at 266. Mr. Weir is scheduled for a consultation with an orthopedic oncologist in November 2023, however, as of October 1, 2023, Mr. Weir's surgery is not scheduled. Dkts. 1919-1 at 2, 1927 at 4.

Since 2021, Mr. Weir's leg condition has forced him to use a wheelchair to navigate daily life while incarcerated. Dkt. 1904-5 at 2. He reports that he cannot take a shower without a chair,

and the BOP has often failed to provide one. *Id.* at 3. He also reports that he often goes without meals when snow or rain creates ground conditions that he cannot navigate to get to the cafeteria. *Id.* He has gained 50 pounds during this time and reports being in constant, debilitating pain including sometimes waking up in the middle of the night screaming from pain. Dkt. 1904-5 at 2–3.

## II. Legal Standard

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

## III. Discussion

Mr. Weir contends that "extraordinary and compelling reasons" support release in his case within the meaning of § 3582(c)(1)(A)(i) because his medical conditions substantially reduce his ability to provide self-care while incarcerated. Dkt. 1904. He further argues that a reduction of his sentence would not create a danger to the community or be inconsistent with the sentencing factors in 18 U.S.C. § 3553. *Id.* The United States argues that Mr. Weir failed to exhaust all administrative

remedies before filing the instant motion, and that Mr. Weir has failed to show that extraordinary and compelling reasons for his release are present, that he is not a danger to the community should he be released, and that § 3553(a) weigh in favor of release. Dkt. 1911.

    *A.    Exhaustion*

Mr. Weir submitted a formal request to the BOP for compassionate release based on his medical condition on January 26, 2023. Dkt. 1911-1. That request was denied on February 16, 2023. Dkt. 1911-2. The BOP notified Mr. Weir that he could appeal the decision within 20 days, but he did not file an appeal. *Id.* Instead, on March 17, 2023, he filed a motion for compassionate release with this Court. The United States contends that his failure to exhaust the BOP's administrative remedy process prior to filing his compassionate release motion means that his motion must be denied. Dkt. 1911 at 7–8.

That argument is contrary to the plain language of the statute. Section 3582(c)(1)(A) provides that the Court may reduce a defendant's sentence "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf **or the lapse of 30 days from the receipt of such a request by the warden of the facility, *whichever is earlier.***" 28 U.S.C. § 3582(c)(1)(A) (emphasis added). That is, a defendant has two choices after submitting a request for compassionate release to his warden: (1) exhaust the BOP's administrative remedy process and then file a motion with the court; or (2) wait 30 days after submitting a request to the warden and file a compassionate release motion with the court. "As a practical matter, (2) will almost always provide the relevant exhaustion mark because it is virtually impossible to exhaust the BOP's comprehensive administrative remedy process within 30 days. Thus, the Court asks whether the defendant waited 30 days after the warden received his request before filing his motion." *United*

*States v. McKinney*, No. 07-cr-40018-JPG 2022 WL 4797763, at *3 (S.D. Ill. Feb. 16, 2022). *See also United States v. Garrett*, 15 F.4th 335, 338 (5th Cir. 2021) ("a prisoner may wait 30 days after filing his request and—whether the BOP has ruled on the request or not—he is free to file a motion in the district court"); *United States v. Muhammad*, 16 F.4th 126, 131 (4th Cir. 2021) (same; district court erred in dismissing compassionate release motion where defendant waited more than 30 days after submitting request to warden and then filed motion with the court, even though he never administratively appealed the warden's denial of his request); *United States v. Harris*, 973 F.3d 170, 171 (3d Cir. 2020) (district court erred in concluding that defendant was required to exhaust BOP's administrative remedy process before filing compassionate release motion in court where warden denied request within 30 days).

Mr. Weir submitted his request for compassionate release to the BOP on January 26, 2023, and received a response on February 16, 2023. He could have appealed the decision immediately through the BOP's administrative remedy process, but he did not have to. Instead, he chose the 30-day-wait option and filed his motion in this Court more than 30 days after he submitted his compassionate release request to the warden. That suffices under the statute. He did not also have to exhaust the BOP's administrative remedy process.

  B. *Extraordinary and Compelling Reasons*

The Court concludes that Mr. Weir has shown extraordinary and compelling reasons warranting release in this case.[1] As discussed above, Mr. Weir suffers from a serious health condition that has been seriously untreated. He is currently confined to a wheelchair and needs

---

[1] In keeping with the Seventh Circuit's instruction in *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020), the Court has considered the rationale provided by Mr. Weir's warden in denying Mr. Weir's administrative request for relief. Dkt. 27-1 at 3. In this case, the Warden's response failed to address Mr. Weir's argument: that he is suffering from medical conditions that render him unable to provide self-care. Thus, the warden's decision provides little guidance to the Court's analysis.

significant assistance with activities of daily living, including bathing/showering. Indeed, he is often unable to eat or shower due to the inability to maneuver his wheelchair around the prison grounds. He also experiences severe, debilitating pain, which is currently being insufficiently – indeed woefully inadequately – treated with Tylenol. Taken together, the Court concludes that these facts establish extraordinary and compelling reasons warranting relief under § 3582(c)(1)(A)(i).

    C.    *Danger to any Other Person or the Community*

The United States argues that Mr. Weir would be a danger to any other person or the community if released, but the Court disagrees. The Sentencing Guidelines provide that compassionate release is appropriate only where the "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Section 3142(g) sets out the factors the Court must consider in determining whether a defendant should be detained pending trial. These same factors guide the Court's release determination at this juncture as well:

> **(g) Factors to be considered.**—The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--
>     **(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>     **(2)** the weight of the evidence against the person;
>     **(3)** the history and characteristics of the person, including--
>         **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>         **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial,

> sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Mr. Weir's crimes were serious. He engaged in a conspiracy to distribute a large amount of methamphetamine in the Terre Haute, Indiana area. But his role in the conspiracy was low level. His criminal record prior to that point included multiple serious felonies (including a conviction for battery resulting in serious bodily injury), which led to him being sentenced as a career offender. *See* dkt. 1072 at 7–13. His disciplinary record shows six disciplinary sanctions during his incarceration most recently in 2017, many of which were quite serious. Dkt. 1904-7.

The Court finds, however, that Mr. Weir's release from incarceration to his 10-year term of supervised release would not threaten the safety of any person or the general public. At this point, Mr. Weir is 46 years old and his crimes are more than a decade behind him. He has completed drug treatment and education while in the BOP. Dkt. 1904-6 at 3. Further, though he does have several disciplinary infractions, his most recent sanctions occurred in 2017, some six years ago. Dkt. 1904-7. Since that time, his health has continued to deteriorate, making it physically impossible for him to commit many crimes.

For these reasons, pursuant to § 3142(g), the Court finds that Mr. Weir does not presently pose a danger to any person or the community if his sentence is reduced to time served.

### D.     Section 3553(a) Factors

The United States also argues that the sentencing factors in § 3553(a) weigh against release, dkt. 1911 at 15, but the Court again disagrees. Section 3553(a) provides:

> **(a) Factors to be considered in imposing a sentence.**—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set

> forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
> > **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
> > **(2)** the need for the sentence imposed—
> > > **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > > **(B)** to afford adequate deterrence to criminal conduct;
> > > **(C)** to protect the public from further crimes of the defendant; and
> > > **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> > 
> > **(3)** the kinds of sentences available;
> > **(4)** the kinds of sentence[s] and the sentencing range established for--
> > > **(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines [issued by the Sentencing Commission . . . ;]
> > 
> > **(5)** any pertinent policy statement guidelines [issued by the Sentencing Commission . . . ;]
> > **(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> > **(7)** the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

As recognized above, Mr. Weir's conduct in this case was serious, and he has a track record of felony convictions and disciplinary problems in prison. That said, the crime underlying the sentence that Mr. Weir is currently serving is now well over a decade old. He has maintained a relatively clean conduct record in the last six years and has taken steps to rehabilitate himself, including drug programming and education courses. He is 46 years old and suffers from a number of serious medical conditions which have not been addressed and left him unable to provide self-care. In short, over the course of at least the last two years, Mr. Weir has been in debilitating pain and the BOP has not provided Mr. Weir with the medical care he needs. He has a reentry plan that should provide him with community support and family stability, factors that are critical in reducing recidivism.

Lastly, the government contends that Mr. Weir's guidelines range would be 360 months to life if sentenced today. That may be true, but he would also face a significantly lower mandatory minimum sentence than the mandatory life sentence he received. Indeed, Mr. Weir has argued—without contradiction from the government—that he would be subject to a mandatory minimum sentence of almost 15 years, and he has now served 13 years.

Taking all the facts together, the Court finds that the § 3553(a) factors weigh in favor of reducing Mr. Weir's sentence to time served.  *See United States v. Ebbers*, No. S402-CR-11443 VEC, 2020 WL 91399, at *7 (S.D.N.Y. Jan. 8, 2020) (in evaluating motion for compassionate release, the court should consider whether the § 3553(a) factors outweigh the "extraordinary and compelling reasons" warranting compassionate release, and whether compassionate release would undermine the goals of the original sentence). Under the facts presented by this case, keeping Mr. Weir incarcerated any longer would be more than what is necessary to provide just punishment for his conviction.

### IV. Conclusion

Pursuant to 18 U.S.C. § 3582(c), the Court finds that extraordinary and compelling reasons warrant a reduction of Mr. Weir sentence to time served, that Mr. Weir does not pose a danger to any other person or the community under the conditions of release, that the § 3553(a) factors support a reduction, and that his release from his term of imprisonment in this case is consistent with the Sentencing Commission's applicable policy statements. Therefore, the Court **GRANTS** Mr. Weir's motions for compassionate release, dkt. [1904], [1927], and **ORDERS** that Mr. Weir's sentence of imprisonment be reduced to **time served.** The term of supervised release remains 10 years. The terms of supervised release stated in the Judgment imposed on October 7, 2011, remain the same.

This Order is stayed for up to **14 days**, to make appropriate travel arrangements and to ensure Mr. Weir's safe release. The BOP shall release Mr. Weir as soon as appropriate travel arrangements are made and it is safe for Mr. Weir to travel. There shall be no delay in ensuring travel arrangements are made. If more than 14 days are needed to make appropriate travel arrangements and to ensure Mr. Weir's safe release, the parties shall immediately notify the Court and show cause why the stay should be extended.

No later than **12:00 p.m. on October 5, 2023**, counsel for the United States is **ordered** to do the following: (1) transmit the contemporaneously filed AO248 Order to Mr. Weir's custodian; and (2) file a notice with the Court confirming that transmission of the AO248 Order has occurred.

**IT IS SO ORDERED.**

Date: 10/3/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel